IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1306-JDT-egb |
| | ) | |
| CORIZON HEALTH, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER GRANTING SUMMARY JUDGMENT TO CORIZON DEFENDANTS

The *pro se* Plaintiff, Bobby Johnson a/k/a Bobbie Johnson, who was, at the time, a Tennessee Department of Correction ("TDOC") prisoner at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on November 6, 2014, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Plaintiff filed an amended complaint on November 26, 2014. (ECF No. 6.) On February 10, 2015, the Court issued an order dismissing both the complaint and amended complaint but granting leave to file a second amended complaint. (ECF No. 10.) Plaintiff filed his second amended complaint on February 27, 2015. (ECF No. 11.) Defendants Corizon Health, Inc. and Corizon, Inc. (collectively "Corizon") filed an answer to the second amended complaint on March 24, 2015. (ECF No. 12.) On April 16, 2015, Plaintiff notified the Court that he had been released from prison and provided his new address. (ECF No. 17.) In compliance with

an order of the Court (ECF No. 20), Plaintiff paid the outstanding balance of the filing fee on August 7, 2015. (ECF No. 21.)

In the order of dismissal, the Court concluded that the allegations in the original complaint concerning Plaintiff's medical care from August 2011 though August 15, 2013, were barred by the one-year statute of limitations in Tennessee Code Annotated § 28-3-104(a)(3). (ECF No. 10 at 13-14.) Plaintiff's second amended complaint concerns his medical treatment at the NWCX only from January 14, 2014, through December 11, 2014. (ECF No. 11 at 6-8.) In addition to other claims, Plaintiff alleges that his injuries were the result of the policies, practices and/or customs of Corizon, which contracted with the State of Tennessee to provide medical services to inmates at the NWCX. (*Id.* at 8-10.)

On August 10, 2015, Corizon filed a motion for summary judgment. (ECF No. 22.) In accordance with Local Rule 56.1(b), a response to the motion was due within twenty-eight days. However, Plaintiff did not file a response and did not seek an extension of time in which to do so. Therefore, the motion is ripe for disposition.

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In *Celotex Corp.*, the Supreme Court explained that Rule 56:

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue

2

> as to any material fact," since a complete failure of proof concerning an essential
> element of the nonmoving party's case necessarily renders all other facts immaterial.
> The moving party is "entitled to judgment as a matter of law" because the
> nonmoving party has failed to make a sufficient showing on an essential element of
> [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Corizon contends that it is entitled to judgment as a matter of law because it had no involvement with Plaintiff's medical care at the NWCX during the relevant time period. Therefore, his alleged injuries cannot have been caused by Corizon's policies, practices or customs. In support of this assertion, Corizon has submitted the Affidavit of Wes Landers, the Chief Financial Officer for the TDOC. (Landers Aff., ECF No. 22-3.) Landers states that he is responsible for "directing and monitoring the formation, execution and termination of contracts between the TDOC and private medical and mental health service providers." (*Id.* ¶ 3, at 1.) He further states that prior to September 2013, Corizon contracted with TDOC to provide both physical and mental health services to inmates at TDOC facilities, including the NWCX. (*Id.* ¶ 4.) However, Corizon's contract with TDOC to provide physical health services was terminated as of September 8, 2013; therefore, Corizon had no involvement in providing physical health services for inmates at the NWCX after that date. (*Id.* ¶ 5.)

3

As Plaintiff has not responded to the motion for summary judgment, he has failed to refute Landers's Affidavit. Therefore, Corizon is entitled to judgment as a matter of law, and the motion for summary judgment is GRANTED. Corizon's motion to ascertain the status of the motion (ECF No. 23) is now MOOT.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE